**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**JAMES K. DICKINSON**
**DAVID A. ROSCHECK**
Deputy Prosecuting Attorneys
Civil Division
200 W. Front Street, Room 3191
Boise, ID 83702
Telephone: (208) 287-7700
Facsimile: (208) 287-7719
Idaho State Bar Nos. 2798 and 9008
Email: civilpafiles@adacounty.id.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS RAY ARLEDGE, ) | |
| ) | **Case No. 1:20-cv-00466-CWD** |
| Plaintiff, ) | |
| vs. ) | **ADA COUNTY DEFENDANTS'** |
| ) | **MOTION TO DISMISS COMPLAINT** |
| BOISE CITY ATTORNEY, et al., ) | **PURSUANT TO FRCP** |
| ) | **12(b)(1),(4),(5),(6)** |
| Defendants. ) | |
| ) | |

      **COME NOW** James K. Dickinson and David A. Roscheck, Deputy Ada County

Prosecuting Attorneys, on behalf of former Ada County Public Defenders Alan Trimming and the

Honorable Tim Hansen, former Ada County Deputy Prosecuting Attorney Justice Joel Horton, the

Ada County Public Defender's Office, and the Ada County Prosecutor's Office (hereinafter

collectively "Ada County"),[1] and hereby move, pursuant to Federal Rules of Civil Procedure 12(b)(1),(4),(5), and (6) to dismiss Douglas Ray Arledge's ("Mr. Arledge's") 42 U.S.C. § 1983 Complaint.

## INTRODUCTION

Mr. Arledge's Complaints are based on allegations that in October of 1989 he was wrongfully sentenced to 25 years in prison on charges that he asserts were actually dismissed *before* the judge-imposed sentence. Mr. Arledge seeks $1.5 million dollars in damages and an order that the underlying criminal charges for which he served 25 years in prison be erased from his record. However, Mr. Arledge's Complaint suffers from numerous fatal flaws and must be dismissed as a matter of law. First, to the extent Mr. Arledge's claims arose from events that took place in March of 1989, his Complaint is filed decades after the applicable two (2) year statute of limitations. Second, even if Mr. Arledge's claims were timely filed, he was sentenced to prison on valid felony convictions as already recognized by the United States District Court of Idaho and the Ninth Circuit Court of Appeals. Third, unequivocal precedent establishes that neither Mr. Trimming, Judge Hansen, nor their Office are subject to § 1983 liability for their roles in representing Mr. Arledge as Ada County Public Defenders because they were not state actors. Fourth, Justice Horton is entitled to absolute immunity for his prosecution of Mr. Arledge while Horton was a Deputy Prosecuting Attorney, and the Ada County Prosecutor's Office is not subject to either respondeat superior or *Monell* liability. Fifth, Mr. Arledge has failed to properly serve any of the defendants. Six, Mr. Arledge's claims are precluded because they have already been

---

[1] Mr. Arledge's Complaint, filed on October 5, 2020 names Alan Trimming, Esq., and the Honorable Tim Hansen as Defendants. A document captioned "Amended Complaint" was attached to the Summons handed to a receptionist at the Ada County Prosecutor's Office on October 28, 2020. The Amended Complaint removed Judge Hansen as a defendant, added Justice Horton, the Ada County Public Defender's, and Ada County Prosecutor's Offices. In an abundance of caution, this Motion is filed to dismiss both Complaints.

litigated (his case against Ada County, the Public Defender's Office and the Prosecutor's Office were already dismissed) or could have been litigated in prior lawsuits filed by Mr. Arledge. Finally, Mr. Arledge's Complaint fails to meet the required pleading standards required in a § 1983 lawsuit.

## BACKGROUND

This lawsuit is the *fourth* case in a string of cases involving Mr. Arledge since 1989:

1. Mr. Arledge's 1989 criminal case and subsequent appeal to the Idaho Court of Appeals. *See State v. Arledge*, 119 Idaho 584 (1991).
2. Mr. Arledge's petition for habeas corpus filed in the late 1990's in the United States District Court of Idaho, and the subsequent appeal to the Ninth Circuit Court of Appeals. *See Arledge v. State of Idaho*, 141 F.3d 1173 (Table), 1998 WL 121612 (9th Cir. 1998).
3. Mr. Arledge's 2015 § 1983 action against Ada County, the Ada County Prosecutor's Office, and the Ada County Public Defender's Office, filed in the United States District Court of Idaho, and the subsequent appeal to the Ninth Circuit Court of Appeals. *See Arledge v Ada County*, 706 Fed. Appx. 908, 1 (2017).

Each of these cases is set forth in more detail below.

In March of 1989, one day after being released from jail, Mr. Arledge was charged with aggravated assault, second-degree kidnapping, misdemeanor battery, and use of a firearm in the commission of a crime. An Ada County jury found him guilty of the above charges on September 15, 1989, and on October 23, 1989 he was sentenced by the Honorable Judge Deborah Bail to serve concurrent sentences up to 25 years, with a ten-year minimum period of incarceration. Mr. Arledge appealed his convictions and sentence, and the Idaho Court of Appeals upheld both in *State v. Arledge*, 119 Idaho 584, 808 P.2d 1329 (1991).

Despite the incontrovertible fact that Mr. Arledge was convicted by a jury and sentenced by a judge, Mr. Arledge has maintained that, prior to his jury trial, the court actually dismissed the charges against him and thus he asserts he never should have been subject to jury trial or sentencing. Indeed, Mr. Arledge previously made the very same arguments he asserts in the instant case in a habeas corpus petition filed in the late 1990's with Judge Edward J. Lodge of the United

States District Court of Idaho. Judge Lodge ultimately denied Mr. Arledge's Petition and Mr.

Arledge then appealed that denial to the Ninth Circuit Court of Appeals. The Ninth Circuit upheld

Judge Lodge's denial of Mr. Arledge's Petition, explaining:

> Arledge contends that he is being improperly detained because the charges for which he is imprisoned were dismissed in 1989 according to a trial court minute order. This contention lacks merit. … The certified reporter's transcripts indicate that a hearing on the petitioner's case was held at 9:00 a.m. on August 17, 1989, relating to the notice of alibi and continuing the trial to a later date to allow for preparation. However the court minutes of August 17, 1989, at 12:20, indicate that the "court grants dismissal with prejudice, pending later filing." The trial court found the minutes were incorrect. *See* 28 U.S.C. § 2254(d) (trial court findings are presumed correct). Further, Arledge has not rebutted the presumption by producing evidence to support his conclusion that the transcript was incorrect, or that there were two separate hearings on August 17, and that at the second hearing his charges were dismissed. See Idaho Code § 1-1105; see also *Salazar*, 507 P.2d at 1139-40. Additionally, the district court requested the court reporter's affidavit, and the district court's interpretation that there was no second hearing was not clearly erroneous. *See Moran*, 80 F.3d at 1268. The district court correctly denied the section 2254 petition.

*Arledge v. State of Idaho,* 141 F.3d 1173, 1 (1998).

Mr. Arledge appealed the Ninth Circuit's decision to the United States Supreme Court, but

his Petition for Certiorari was denied. *See Arledge v. Idaho*, 525 U.S. 972, 119 S.Ct. 425 (Mem),

142 L.Ed.2d 346 (1998).

In December of 2015, Mr. Arledge filed a 42 U.S.C. § 1983 action against Ada County,

the Ada County Prosecutor's Office, and the Ada County Public Defender's Office,[2] again

contending that he was sentenced to prison on dismissed charges. Magistrate Judge Ronald E.

Bush considered Mr. Arledge's application to proceed *in forma pauperis* and conducted a review

of the § 1983 pleadings to determine if they stated a claim upon which relief could be granted.

---

[2] Mr. Trimming and Judge Hansen, both of whom are named Defendants in the Complaint filed October 5, 2020, worked for the Ada County Public Defender's Office when Mr. Arledge was convicted of his felony charges in 1989.

Judge Bush issued an *Order and Recommendation* for dismissal of the case for failure to state a claim against any of the Ada County defendants, explaining:

> Plaintiff states that he brings his claim under 42 U.S.C. § 1983 and that his claim is for "double jeopardy Fifth Amendment." (Dkt. 2 at 1.) Plaintiff alleges that Defendants, including Ada County, John/Jane Does, Ada County Prosecutor's Office, and Ada County Public Defender's Office, caused "gross negligence" to Plaintiff by not letting the court know that charges against him were dismissed and never re-filed which violated double jeopardy and led to Plaintiff serving 25 years in prison. (Id. at 3, 4.)

*Arledge v. Ada County*, 2016 WL 10648443, 2 (2016).

Judge Bush's case was reassigned to Judge Lodge, who issued an *Order on Report and Recommendation* in *Arledge v. Ada County,* 2017 WL 6025331, finding that Arledge was again forwarding the previously "rejected" contention that he was imprisoned on a "dismissed case."

Judge Lodge wrote:

> On September 29, 2016, Chief Magistrate Judge Ronald E. Bush issued an Order and Recommendation recommending Plaintiff's Complaint be dismissed in its entirety for failure to state a claim. Dkt. 6. The Plaintiff filed an objection to the Order and Recommendation arguing the record establishes his first criminal case was dismissed with prejudice so that when he was convicted on a new criminal case it was in violation of the Double Jeopardy Clause of the United States Constitution.
>
> …
>
> The Court finds Plaintiff Douglas Ray Arledge has failed to show that the original charges in case M8901808 were dismissed with prejudice. The Court takes judicial notice of prior proceedings in federal court pursuant to Fed. R. Evid. 201. This same issue was previously considered by the Court in *Arledge v. State of Idaho, et al.*, civil case 95-202-S-EJL. This very argument was rejected based on an examination of the relevant transcripts. It was determined the court minutes (relied upon by Arledge again in this case) were incorrect and the transcripts were the accurate record of court proceedings and the transcripts indicated there was no dismissal of the charges. Arledge appealed this Court's findings in the 1995 case. The Ninth Circuit affirmed this Court's legal findings and stated "Arledge has not rebutted the presumption by producing evidence to support his conclusion the transcript was incorrect, or that there were two separate hearings on August 17, and that at the second hearing his charges were dismissed." *Arledge v. State of Idaho, et al.*, 141 F.3d 1173 (9th Cir. 1998) (unpublished disposition).

*Plaintiff's theory [is that] the prosecutor, his defense attorney and county court personnel all deliberately allowed him to be sentenced in case no.16006 after the same charges had been dismissed with prejudice in M890108 was an argument raised and resolved in Plaintiff's post-conviction proceedings over twenty-five years ago.*

Furthermore, as discussed by Judge Bush, Plaintiff has failed to establish a Double Jeopardy violation as he was not prosecuted for the same offense after acquittal, he was not prosecuted for the same offense after conviction, and he did not receive multiple punishments for the same offense. *United States v. Chick*, 61 F.3d 682, 686 (9th Cir. 1995) (citation omitted).

The Court incorporates by reference Judge Bush's analysis of Plaintiff's Complaint and adopts such analysis as its own. Plaintiff's objection is denied and the Complaint (Dkt. 2) is DISMISSED IN ITS ENTIRETY.

*Id.* at 1, (emphasis added).

Mr. Arledge appealed Judge Lodge's dismissal of his § 1983 case against Ada County, the

Ada County Prosecutor's Office, and the Ada County Public Defender's Office to the Ninth Circuit

Court of Appeals, which affirmed Judge Lodge's dismissal:

Former Idaho state prisoner Douglas Ray Arledge appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising out of state court criminal proceedings. … We affirm.

The district court properly dismissed Arledge's action as Heck-barred because success on his claims would necessarily imply the invalidity of his sentence, and Arledge failed to show that his sentence has been invalidated. *See Heck*, 512 U.S. at 486-87, 114 S.Ct. 2364 (explaining that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

*Arledge v. Ada County*, 706 Fed. Appx. 908, 1 (2017).

Mr. Arledge now files *another* § 1983 case against the Ada County Public Defender's

Office and the Ada County Prosecutor's Office, and former employees of each, reprising his twice

previously rejected contention that he was tried, convicted and sentenced on a dismissed criminal

case.[3] As noted above and explained below, Mr. Arledge's most recent § 1983 filing must meet the same fate as his earlier cases.

### LEGAL STANDARD FOR MOTION TO DISMISS 42 U.S.C. § 1983 CLAIM PURSUANT TO F.R.C.P. 12(b)(1) and 12(b)(6)

*Coles Valley Church v. Oregon Land Board*, 2020 WL 6287477 (October 27, 2020) sets out the standard for a F.R.C.P. 12(b)(1) Motion to Dismiss:

> A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). Courts must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even sua sponte if necessary).

*Id.* at 3.

*Galanti v. Nevada Dept. of Corrections*, 2020 WL 6321810, 1,2 (October 27, 2020) sets out the standard for a F.R.C.P. 12(b)(6) Motion filed in a 42 U.S.C. 1983 case:

> Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

---

[3] Mr. Arledge's prior cases in which he asserted he was sentenced on a dismissed case appear to have arisen out of a court minute error from an August 17, 1989 hearing, while the instant case appears to have arisen out of a hearing or entry in the criminal case that Mr. Arledge alleges took place on March 29, 1989. Regardless, the fact of the matter is that Mr. Arledge continues to allege that his criminal case was dismissed prior to his sentencing – a contention already rejected by this Court and the Ninth Circuit.

662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

*Galanti*, 2020 WL 6321810, at 1–2.

## ARGUMENT

Ada County brings this Motion to Dismiss Mr. Arledge's Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b) provides that: "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Pursuant to these rules, and as argued below, Mr. Arledge's latest § 1983 Complaint suffers from flaws so significant that there is no way for the action to be salvaged.

1. **Pursuant to F.R.C.P. 12(b)(1), the Court lacks Subject Matter Jurisdiction to Entertain Mr. Arledge's § 1983 Lawsuit Based Upon the Applicable Statute of Limitations.**

To determine the applicable statute of limitations in 42 U.S.C. § 1983 cases, courts look to state law. In Idaho, the applicable time in which to file a § 1983 lawsuit is two years. In *Arledge v. Idaho Com'n of Pardons and Parole*, 2006 WL 1023478 Judge Lynn B. Winmill explained:

Plaintiff's Prisoner Civil Rights Complaint (Complaint) was dismissed on August 16, 2004, and a Judgment was entered on the same date. … In the event Plaintiff seeks to challenge the procedures in a parole hearing that occurred within the last

two years, thereby bringing it within the statute of limitations for civil rights violations, he may file a new lawsuit based on the *Wilkinson* case. *See Wilson v. Garcia*, 471 U.S. 261 (1985), *overruled on other grounds*, (the length of the statute of limitations for a civil rights action is governed by state law; Idaho Code § 5–219 provides for a two-year statute of limitations for civil rights actions).

*Id*. at 1, 2.

In this case, both of Mr. Arledge's Complaints set out March 29, 1989 as the "date" the "events giving rise to his claim(s)" occurred. Two years from that date was March 29, 1991. Mr. Arledge filed this lawsuit in October 2020 – nearly thirty years after the applicable statute of limitations ran. Based on the foregoing, the Court lacks subject matter jurisdiction to entertain this action and it must be dismissed.

**2. Pursuant to F.R.C.P. 12(b)(6), Mr. Arledge Fails to State a Cognizable 42 U.S.C. § 1983 Claim.**

Even if this Court has subject matter jurisdiction over this lawsuit, Mr. Arledge fails to state a claim upon which relief can be granted for the following reasons, addressed more fully in turn below: (A) Mr. Arledge's lawsuit was filed after the applicable statute of limitations; (B) Mr. Arledge was sentenced to prison on valid felony convictions as already recognized by the United States District Court of Idaho and the Ninth Circuit Court of Appeals; (C) Justice Horton is entitled to absolute immunity for his prosecution of Mr. Arledge while Justice Horton was a Deputy Prosecuting Attorney, and the Ada County Prosecutor's Office is not subject to either respondeat superior or *Monell* liability; (D) Unequivocal precedent establishes that neither Mr. Trimming and Judge Hansen, nor their Office are subject to § 1983 lawsuits for their roles in representing Mr. Arledge as Ada County Public Defenders because they were not state actors; (E) Mr. Arledge has failed to properly serve the defendants; (F) Mr. Arledge's claims are precluded because they have already been litigated or could have been litigated in his prior lawsuits; and (G) Mr. Arledge's Complaint fails to meet the required pleading standards required in a § 1983 lawsuit.

A.     <u>Mr. Arledge's lawsuit was filed after the applicable statute of limitations.</u>

As statute of limitations arguments may be brought under F.R.C.P. 12(b)(1) or 12(b)(6), in an abundance of caution, the argument in the previous section of this memorandum is also incorporated into this argument under F.R.C.P. 12(b)(6).

B.     <u>Mr. Arledge was sentenced to prison on valid felony convictions as already recognized by the United States District Court of Idaho and the Ninth Circuit Court of Appeals.</u>

Before Mr. Arledge can bring a § 1983 claim against Ada County contending he was imprisoned on a dismissed case, he must first have the conviction reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal writ of habeas corpus. A § 1983 action, including the instant case, cannot accomplish any of the above requirements.

Judge Bush articulated the requirement that Mr. Arledge obtain a "favorable termination" of the underlying conviction before he can bring a § 1983 action when he dismissed a nearly identical lawsuit against Ada County public defenders and prosecutors in *Arledge v. Ada County*, 2016 WL 10648443:

> Plaintiff appears to allege that criminal charges against him were dismissed and never refiled, but he still served 25 years in prison for a crime. … A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction or the duration of a sentence may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction; a prisoner's sole federal remedy to challenge the validity or duration of his confinement is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil rights claim under § 1983 does not accrue unless or until the prisoner has obtained a "favorable termination" of the underlying conviction. *See Heck*, 512 U.S. at 489; *Docken*, 393 F.3d at 1031.

*Id.* at 2.

The case Judge Bush cites, *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) is the seminal United States Supreme Court case in this area:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–487; 2372.

In *Maxwell v. U.S.,* (U.S. Dist. Court, S.D. Ca.) 2020 WL 6449196 (Nov. 3, 2020), two former federal inmates filed a complaint against a number of defendants, including U.S. Attorneys. The court dismissed the complaint explaining that the plaintiffs failed to meet the *Heck* precondition, stating:

> Neither Plaintiff alleges that his conviction was reversed on appeal or called into question by the issuance of a writ of habeas corpus. Indeed, Plaintiffs' claims are premised on their inability to obtain the relief they sought in post-trial and habeas proceedings. (See Compl. ¶¶ 19–28, 32, 34–40.) "It is clear that Plaintiff[s'] claims against these Federal judges and prosecutors are premised on [their] belief that [they were] wrongly prosecuted and convicted in [their] underlying criminal case[s]." *See Nix*, 2019 WL 77437, at 6. "Grant of Plaintiff[s'] claims for relief by this Court would most certainly invalidate Plaintiff[s']...criminal conviction[s;] as such, [their] claims are barred by Heck."

*Id*. at 4.

In this case, Mr. Arledge's convictions were not overturned on direct appeal, nor called into question in his habeas corpus case. Because his convictions are valid, he has no cognizable § 1983 claim. Accordingly, he has failed to meet the necessary precondition and his action must be dismissed.

C.  Justice Horton is entitled to absolute immunity for his prosecution of Mr. Arledge, and the Ada County Prosecutor's Office is not subject to either respondeat superior or *Monell* liability.

Mr. Arledge names Justice Horton, a former prosecuting attorney, as a defendant. Because Mr. Horton was a prosecutor, he is immune from suit. In *Maxwell v. U.S., supra,* two former federal

inmates named U.S. Attorneys as defendants.[4] The court dismissed the complaint on several

grounds, one being that the prosecutors were immune from suit:

> [p]rosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state, performing functions 'intimately associated with the judicial phase of the criminal process.' " *Nix v. United States*, No. 2:18-CV-01147-RHW, 2019 WL 77437, at \*5 (W.D. Wash. Jan. 2) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 429–30 (1976)), appeal dismissed sub nom. *Nix v. Lasnik*, No. 19-35022, 2019 WL 7565461 (9th Cir. June 17, 2019). "Attorneys who prosecute cases on behalf of the Government are absolutely immune from claims based on their participation in the judicial process." *Id.* (citing *Imbler*, 424 U.S. at 422–23). "The following activities have been found to be intimately connected with the judicial phase of the criminal process: seeking a grand jury indictment, dismissing claims, deciding whether and when to prosecute...; making statements that are alleged misrepresentations and mischaracterizations during hearings, during discovery, and in court papers...; and preparing a case for trial." *Id.* (citing (*Milstein v. Cooley*, 257 F.3d 1004, 1008, 1012 (9th Cir. 2001); *Fry v. Melaragno*, 939 F.2d 832, 837–38 (9th Cir. 1991)). "A prosecutor also enjoys absolute immunity from a suit alleging that he maliciously initiated prosecution, used perjured testimony at trial, and suppressed material evidence at trial." *Id.* (citing *Imbler*, 424 U.S. at 430).
>
> … Because the prosecutorial Defendants' alleged misdeeds occurred in the course of their duties in the prosecution of Plaintiffs, the prosecutorial Defendants are absolutely immune from Plaintiffs' claims. *See, e.g., Nix*, 2019 WL 77437, at \*5; *see also Hubbard v. Gipson*, No. 1:14-CV-00042-AWI, 2014 WL 5324288, at \*5 (E.D. Cal. Oct. 17) (dismissing claims against the Federal Bureau of Investigation, Department of Justice, and Solicitor General as barred by prosecutorial immunity) (collecting cases), report and recommendation adopted, 2014 WL 6608341 (E.D. Cal. Nov. 17, 2014).

*Maxwell* at 3.

Further, although Justice Horton was employed by the Ada County Prosecutor's Office at

the time the allegations arose, there simply is no respondeat superior liability for § 1983 claims:

> Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. *Iqbal*, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution

---

[4] Absolute prosecutorial immunity applies to both state and federal prosecutors. For instance, the prosecutor in *Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984 (1976)* was a state prosecuting attorney.

through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

*De La Cruz v. Superior Court*, (U.S. Dist. Court, E.D. Cal.), 2020 WL 6544260 (Nov. 6, 2020) at

2.

Finally, a government entity may be sued for monetary damages under 42 U.S.C. § 1983 only if the constitutional violation was a product of a policy, practice, or custom adopted and promulgated by the entity's officials. *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) (citing *Monell v. Dep't of Soc. Servs. Of New York*, 436 U.S. 658, 690–91 (1978)). "To establish liability, a plaintiff must establish that he was deprived of a constitutional right and that the [government entity] had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation." *Id.* (citation omitted). In *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012), the Ninth Circuit made clear that *Monell* claims "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and that "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Hernandez*, 666 F.3d at 637 (citations and quotations omitted).

For example, in *Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011), the Ninth Circuit affirmed the dismissal of a *Monell* claim for failure to state a claim pursuant to F.R.C.P. 12(b)(6). In that case, the Plaintiff "alleged only that (1) 'Defendant CITY's policies and/or customs caused the specific violations of Plaintiff's constitutional rights at issue in this case[]' and (2) 'Defendant CITY's policies and/or customs were the moving force and/or affirmative link behind the violation of the Plaintiff's constitutional rights and injury, damage and/or harm caused thereby.'" *Dougherty*, 654 F.3d at 900. In affirming the dismissal of this claim, the court found

that the complaint "lacked any factual allegations regarding key elements of the *Monell* claims, or, more specifically, any facts demonstrating that his constitutional deprivation was the result of a custom or practice of the [government entity] or that the custom or practice was the 'moving force' behind his constitutional deprivation." *Id.*, at 900–901.

In this case, Mr. Arledge does not even allege all the elements of a *Monell* claim, let alone provide sufficient factual allegations regarding: (1) a policy, practice, or custom of the Ada County Prosecutor's Office; (2) which amounted to deliberate indifference to his constitutional rights; and (3) that was the "moving force" behind the alleged violation of his constitutional rights. Thus, Mr. Arledge has failed to sufficiently allege a *Monell* claim.

Based on the foregoing, Mr. Arledge's Complaints should be dismissed as to Justice Horton because he is entitled to absolute immunity for his role as an advocate for the state in Mr. Arledge's case, and as to the Ada County Prosecutor's Office because there is no respondeat superior liability for § 1983 claims and Mr. Arledge has failed to sufficiently allege a *Monell* claim.

D.    Public defenders are not subject to § 1983 lawsuits.

In *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) the United States Supreme Court determined that because a public defender does not act "under color of state law" in performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding, he or she may not be sued under 42 U.S.C. § 1983. This concept is explained by the Ninth Circuit Court of Appeals in *Hernandez v. Office of Public Advocacy, State of Alaska; et al., and Shelley Kay Chaffin, Defendant*, --- Fed.Appx. ----, 2020 WL 6336134 (Oct. 29, 2020):

> [t]he district court properly dismissed Hernandez's claims against defendants Office of Public Advocacy, Van Demark, Lowery, Kelley, and Corrigan because they are not state actors. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must ... show that the alleged deprivation was committed by a person acting under color of state law."); *Miranda v. Clark County*, Nev., 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (attorneys appointed to represent criminal defendants in state criminal proceedings are not state actors).

*Id.* at 1.

Simply put, it is not possible to sue public defenders or their offices pursuant to 42 U.S.C. § 1983. Mr. Arledge's case against Mr. Trimming, Judge Hansen, and the Public Defender's Office must be dismissed.

E.     Mr. Arledge has failed to properly serve defendants.

Mr. Arledge has failed to effect proper service on the Ada County defendants. On October 28, 2020, a single Summons was handed to a receptionist at the Ada County Prosecutor's Office and another was delivered to the Ada County Public Defender's Office. Because receptionists for those offices are not authorized to accept service for any of the named individual defendants in this case, the service was ineffective. The Federal Rules of Civil Procedure require a plaintiff to obtain a summons, and if the summons is addressed to multiple defendants, each defendant is to be served. *See* F.R.C.P. 4(b). The Rules also require a plaintiff to personally serve a copy of the summons on the individual named therein with a copy of the complaint, which Mr. Arledge failed to do. *See* F.R.C.P. 4(c)(1), 4(e)(1)(2)(A)–(C).[5]

To the extent Mr. Arledge was attempting to serve the named offices, he must follow the applicable Idaho Rules. *See* F.R.C.P. 4e(1). Idaho Rule of Civil Procedure 4(d)(4)(B) requires service to a governmental subdivision's "chief executive officer, secretary, or clerk."

The F.R.C.P. provide that failure to follow the proper procedures may result in dismissal. *See* F.R.C.P. 12(b)(4)–(5). Based on the multiple deficiencies in process and in service of process, the Court should dismiss Mr. Arledge's lawsuit.

---

[5] Should Mr. Arledge's Complaints survive dismissal, the individual defendants may be amenable to arranging service through their attorneys.

F.    Mr. Arledge's claims are precluded because they have already been litigated or could have been litigated in prior lawsuits filed by Mr. Arledge.

Mr. Arledge has litigated nearly identical claims and issues previously, and his previous cases have all been dismissed. The doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) apply here, preventing these claims and issues from being litigated.

i.    Res Judicata/Claim Preclusion

In *Edwards v. Blanchard,* (United States District Court S.D. Cal.) 2020 WL 6504911 (Nov. 5, 2020) the court noted:

> Defendant moves to dismiss the complaint on the ground that Plaintiff's claims are barred by res judicata.  Res judicata, also known as claim preclusion, precludes parties from relitigating issues that were or could have been raised in a prior action, and can serve as the basis for granting a motion to dismiss. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (internal quotation marks omitted).  A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6) where, as here, there are no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)….
>
> 1. Identity of Claims
>
> Identity of claims exists "when two suits arise from 'the same transactional nucleus of facts.' " *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (citation omitted). Even "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* If claims are related to the same set of facts and could be conveniently tried together, then there is identity of claims. *See Int'l Union of Operating Eng'rs-Emp'rs Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993).

*Id*. at 1,2.

Here, even a cursory review of the "Background" section above establishes the applicability of claim preclusion to Mr. Arledge's lawsuit. First, the claims forwarded by Mr. Arledge in this lawsuit are substantially the same as those alleged in his petition for habeas corpus,

*see Arledge v. State of Idaho*, 141 F.3d 1173 (Table), 1998 WL 121612 (9th Cir. 1998), and in his

prior § 1983 action, *see Arledge v Ada County*, 706 Fed. Appx. 908, 1 (2017). Both cases, and the

case now before this Court, arise out of Mr. Arledge's contention that he spent 25 years in prison

on charges that were dismissed prior to his sentencing in his 1989 criminal case. Second, both

cases ended in judgments on the merits of substantially the same allegations Mr. Arledge forwards

in this case. Finally, the instant lawsuit involves the same parties as Mr. Arledge's prior lawsuits

– himself, the Ada County Prosecutor's Office, and the Ada County Public Defender's Office.

While he now adds individuals, his theory remains the same, and those now named could have

been named in the earlier lawsuit.[6] Based on the foregoing, Mr. Arledge's claims are precluded as

they have already been litigated or could have been litigated in prior legal actions, and thus must

be dismissed.

    ii.      Collateral Estoppel/Issue Preclusion

In *Green v. Dept. of Veterans Affairs*, (U.S. District Court, W.D. Washington) 2020 WL

6497792 (Nov. 2, 2020), the court discussed issue preclusion:

> The doctrine of issue preclusion or collateral estoppel bars the relitigation of claims
> that have been decided on the merits. *McQuillion v. Schwarzenegger*, 369 F.3d
> 1091, 1096 (9th Cir. 2004).

> Turning to Green's other claims, Defendants argue that issue preclusion bars most
> of Green's claims. The doctrine of issue preclusion or collateral estoppel bars the
> relitigation of claims that have been decided on the merits. *McQuillion v.
> Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004). Defendants rely on *Green
> v. United States of America*, 19-5804-RBL (W.D. Wash.) and *Green v. Dinucci*,
> 19-5800-RBL (W.D. Wash.) in arguing that collateral estoppel bars Green's claims
> for negligent medical care and denial of an independent medical review, denial of
> a flag upon his retirement, improperly designated convalescent leave, and
> discrimination and/or harassment based on his race. Dkt. 32 at 7–8. Green first
> responds that these cases were dismissed without prejudice and without a decision

---

[6] Further, to the extent Mr. Arledge's allegations arise from his criminal case from a court hearing
or entry on March 29, 1989 as opposed to August 17, 1989, Mr. Arledge could have and should
have forwarded such allegations in his *habeas corpus* petition and prior § 1983 lawsuit.

on the merits. Dkt. 37 at 7. Green is incorrect because the Court concluded that Green's claims were barred by the Feres doctrine and that Green could not assert a Bivens claim. 19-5800-RBL, Dkt. 24 (W.D. Wash. Feb. 25, 2019). In the second case, the Court incorporated its previous order on Green's older claims and denied Green's new negligence and medical malpractice claims as barred by Feres. 19-5804-RBL, Dkt. 24 (W.D. Wash. Feb. 25, 2019). Contrary to Green's position, these are decisions on the merits and preclude Green from relitigating these claims.

*Id.* at 1.

The issues Mr. Arledge raised in the earlier lawsuits, that he was tried, convicted, sentenced, and incarcerated on dismissed charges have been decided against Mr. Arledge's contentions in the previous decisions. He is precluded from raising those issues again. For the reasons set forth above, Mr. Arledge's lawsuit is barred because his claims and issues are legally precluded as they have been previously litigated to final judgment and found meritless by Judge Lodge, Judge Bush, and the Ninth Circuit. Accordingly, Mr. Arledge's claims must be dismissed.

G.     Mr. Arledge's complaint fails to meet the required pleading standards required in a § 1983 lawsuit.

In *Arledge v. Ada County*, 2016 WL 10648443, Judge Bush observed:

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* At a minimum, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Id.* at 2.

Likewise, a plaintiff needs to set out exactly which legally constitutionally cognizable right was violated, as applied to the facts:

Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104

L.Ed.2d 443 (1989); and *Baker v. McCollan*, supra, 443 U.S., at 140, 99 S.Ct., at 2692.

*Albright v. Oliver*, 510 U.S. 266, 271; 114 S.Ct. 807, 811-812; 127 L.Ed.2d 114 (1994).

> "While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at 3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

*Maxwell, supra,* at 2.

Mr. Arledge fails to set out an actionable constitutional claim. At most, Mr. Arledge forwards a theory twice rejected by this Court and the Ninth Circuit that he served 25 years in prison on dismissed charges. However, a plaintiff must do more than generally describe his allegations. Section 1983 claims are incredibly fact-intensive, requiring sufficient detail for all parties involved to understand the exact nature of his claims. *See Osborne v. Tracy Police Dept.* 2020 WL 6381409, 3 (October 30, 2020). To the extent Mr. Arledge is attempting to state a claim other than the same theory that has already been twice rejected by this Court and the Ninth Circuit, he has failed to allege his Complaint or Amended Complaint with the required specificity, describing the facts and constitutional violations required to put the defendants on notice of the exact violations of which he complains. Thus, the Complaint and Amended Complaint should be dismissed.

## CONCLUSION

Mr. Arledge's lawsuit must be dismissed as it was filed nearly 28 years after the statute of limitations ran; because his conviction, sentencing, and imprisonment have repeatedly been found lawful; and because former prosecutor Justice Horton is absolutely immune from suit. Mr Arledge's Complaint fails against the Ada County Prosecutor's Office because respondeat superior liability is precluded, and there are no *Monell* allegations. Neither former public defenders Mr. Trimming and Judge Hansen, nor their office, are subject to § 1983 lawsuits for their roles in

representing Mr. Arledge. Mr. Arledge has also failed to properly serve the defendants. Mr. Arledge's claims are precluded because they have already been litigated or could have been litigated in his prior actions. Finally, Mr. Arledge's Complaint fails to meet the pleading standards required in a § 1983 lawsuit. Based on the foregoing, Mr. Arledge's Complaint and Amended Complaint should be dismissed.

**DATED** this 17th day of November, 2020.

**JAN M. BENNETTS**
Ada County Prosecuting Attorney


By:      /s/  James K. Dickinson
James K. Dickinson
Deputy Prosecuting Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of November, 2020, I filed the foregoing ADA COUNTY DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(1),(4),(5),(6) electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated as follows:

| | |
|---|---|
| Douglas Arledge | _____ Hand Delivery |
| P.O. Box 1751 | __x__ U.S. Mail |
| Nampa, ID 83653 | _____ Electronic Mail |
| | _____ Facsimile |
| | |
| Boise City Attorney's Office | _____ Hand Delivery |
| BoiseCityAttorney@cityofboise.org | _____ U.S. Mail |
| | __x__ Electronic Mail |
| | _____ Facsimile |

/s/ Chyvonne Tiedemann
Chyvonne Tiedemann, Legal Assistant