UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS RAY ARLEDGE, | Case No. 1:20-cv-00466-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| BOISE CITY ATTORNEY; FORMER ADA COUNTY PUBLIC DEFENDERS ALAN TRIMMING AND TIM HANSEN, & THE OFFICE OF THE PUBLIC DEFENDER; FORMER ADA COUNTY PROSECUTOR, JOEL HORTON, & THE OFFICE OF THE PROSECUTOR; JOHN & JANE DOES A-Z, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court are two Motions to Dismiss: one filed by Defendant Boise City Attorney ("BCA") (Dkt. 10), and the other by Defendants Ada County Public Defender's Office, Ada County Prosecutor's Office, former Ada County Public Defenders Alan Trimming and Judge Tim Hansen,[1] and former Ada County Deputy Prosecuting Attorney Justice Joel Horton (collectively "Ada County") (Dkt. 9). The Court also has

---

[1] Judge Tim Hansen was named as a defendant in Arledge's original Complaint but not in his First Amended Complaint. There was no indication that this omission was deliberate, so the Court will proceed as if Judge Hansen is still a defendant.

before it a Motion in Opposition to Defendant's Motion to Dismiss filed by Plaintiff Douglas Arledge (Dkt. 20) and an Objection to Plaintiff's Second Amended Complaint and Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss filed by Ada County (Dkt. 23).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the matter without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS BCA's Motion to Dismiss, DISMISSES Arledge's Amended Complaint (Dkt. 4) against BCA, and GRANTS LEAVE to Arledge to amend his complaint against BCA to cure the deficiencies identified in this decision. In addition, the Court SUSTAINS Ada County's Objection to Arledge's Second Amended Complaint and Motion in Opposition to Defendant's Motion to Dismiss, STRIKES Arledge's Second Amended Complaint, STRIKES Arledge's Motion in Opposition, GRANTS Ada County's Motion to Dismiss, and DISMISSES Arledge's claims against Ada County WITH PREJUDICE.

## II. BACKGROUND

This lawsuit is the fourth case in a string of cases involving Arledge dating back to 1989, all of which center around the same nucleus of operative facts. In March of 1989 Arledge was arrested on charges of aggravated assault, second-degree kidnapping, misdemeanor battery, and use of a firearm in the commission of a crime. Ultimately,

Arledge was sentenced to 25 years in prison, with ten-years fixed. His convictions and sentence were upheld by the Idaho Court of Appeals. *See State v. Arledge*, 808 P.2d 1329 (Idaho Ct. App. 1991). Arledge later filed a habeas corpus petition in the United States District Court of Idaho, which was denied, and subsequently appealed it to the Ninth Circuit Court of Appeals. *See Arledge v. State of Idaho*, 1998 WL 121612 (9th Cir. 1998). Arledge's claim was found to lack merit at both levels. Then, in 2015, Arledge filed a § 1983 claim against Ada County, the Ada County Prosecutor's Office, and the Ada County Public Defender's Office. Arledge filed this petition in the United States District Court of Idaho and subsequently appealed to the Ninth Circuit Court of Appeals. *See Arledge v. Ada County*, 706 Fed. Appx. 908 (9th Cir. 2017). Arledge again lost at both levels.

Arledge's main contention in the instant case, and in the prior cases, is that he was improperly detained because the charges for which he was imprisoned were allegedly dismissed in 1989 in a trial court minute entry order. As the laundry list of cases above illustrates, multiple Courts have already considered, and rejected, this contention. The instant case is similar to the 2015 § 1983 action as Arledge is once again bringing claims against the Ada County Public Defender's Office, the Ada County Prosecutor's Office, and John and Jane Does A-Z. The main distinction between the § 1983 action and this case is that Arledge added BCA as a defendant, as well as two former public defenders and a former county prosecutor who were involved in the original 1989 case. His claims against BCA will be discussed separately from the claims against Ada County, as BCA filed a Motion to Dismiss separately from the one filed by Ada County.

MEMORANDUM DECISION AND ORDER - 3

### III. DISCUSSION

With a variety of motions and an objection to rule on, the Court will analyze the issues in separate sections and include the corresponding legal standards in the appropriate section. Because Arledge is *pro se*, the Court's review of this matter is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991).

#### A. Arledge's Second Amended Complaint and Motion in Opposition

As a threshold matter, the Court will address Arledge's Second Amended Complaint (Dkt. 19) and his Motion in Opposition to Defendant's Motion to Dismiss (Dkt. 20). When he filed those two documents, Arledge had already filed memorandums opposing Ada County and BCA's respective motions to dismiss. Ada County filed an objection to the filings, arguing that they were not timely and also that each violated the Federal Rules of Civil Procedure as well as the District of Idaho's local civil rules. *See generally* Dkt. 23.

Rule 15 of the Federal Rules of Civil Procedure states that, aside from timely pleadings that can be amended as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Arledge did not receive consent from Ada County to file his Second Amended Complaint. He also did not ask the Court for leave to file a Second Amended Complaint— he simply filed it on his own accord. Because he did not receive consent or leave, his complaint is not properly before the Court and must be stricken.

District of Idaho Local Rule 7.1 allows a responding party to serve and file a response brief within 21 days after service of the moving brief. **Dist. Idaho Loc. Civ. R.**

7.1(c). There is no allowance in the rule for plaintiffs to file a sur-reply or motion in opposition to a reply brief. *See*, *e.g.*, *Winn v. Blades*, 2018 WL 297567, at *2 (D. Idaho Jan. 4, 2018) (striking multiple unauthorized sur-replies filed by petitioner); *Alternate Energy Holdings, Inc. v. Giorgi*, 2017 WL 187139, at *4 (D. Idaho Jan. 17, 2017) (striking unauthorized sur-reply). Because Arledge had already filed memorandums opposing the Motions to Dismiss (Dkts. 12–13), Arledge's Motion in Opposition to Defendant's Motion to Dismiss (Dkt. 20) is stricken.

The Court is mindful that Arledge is proceeding *pro se*, and, as such, the Court must construe the filings and motions liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). However, "[w]hile pro se litigants are held to less stringent standards, a litigant's pro se status does not excuse him or her from complying with the procedural or substantive rules of the court." *Larson v. Cty. of Benewah*, No. 2:18-cv-00287-DCN, 2018 WL 3758571, 1 (D. Idaho Aug. 8, 2018). In this case, even if the Court were to allow the Second Amended Complaint and Motion in Opposition, it would not change the outcome of the case because neither filing adds anything material to the instant dispute.

In sum, Arledge's Second Amended Complaint (Dkt. 19) and Motion in Opposition (Dkt. 20) are STRICKEN.

## B. Ada County's Motion to Dismiss (Dkt. 9)

Ada County filed its Motion to Dismiss based on Rule 12(b)(1), (4), (5), and (6) of the Federal Rules of Civil Procedure. Ada County's sole Rule 12(b)(1) argument consisted of a claim that because the statute of limitations had run, the Court lacks subject matter jurisdiction. Based on prior precedent, *see e.g., Allen v. Campbell*, 2021 WL 737123 (D.

Idaho February 25, 2021), the Court will analyze the statute of limitations argument under Rule 12(b)(6) instead. First, however, the Court addresses Ada County's arguments regarding service.

### 1. *Rule 12(b)(4) and Rule 12(b)(5) Motions*

Rule 12(b)(4) permits a court to dismiss a claim if there was insufficient process, while Rule 12(b)(5) permits a court to dismiss a claim if there was insufficient service of process. Fed. R. Civ. P. 12(b)(4)–(5). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," while a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Wright & Miller, *Federal Practice and Procedure*, §1353, pp. 334-35 (3d ed. 2004). However, "the distinction between Rule 12(b)(4) and 12(b)(5) is not always clear, nor always observed." *United States v. Hafner*, 421 F. Supp. 2d 1220, 1223 n.3 (D.N.D. 2006). Because of the blurred lines between these two Rules, the Court will analyze the objections to Rule 12(b)(4) and Rule 12(b)(5) together.

Arledge has failed to effect proper service on the Ada County Prosecutor's Office and the Ada County Public Defender's Office. According to Rule 4(e)(1) of the Federal Rules of Civil Procedure, Arledge must follow applicable Idaho Rules when serving government entities such as those involved in this case. Idaho Rule of Civil Procedure 4(d)(4)(B) requires service to a governmental subdivision's "chief executive officer, secretary, or clerk." On October 28, 2020, a single summons was handed to a receptionist at the Ada County Prosecutor's Office, and another was delivered to the Ada County Public Defender's Office. Because the receptionists for those offices were not authorized to accept

service for any of the named individual defendants in this case, the service was ineffective. Additionally, the Rules also require a plaintiff to serve a copy of the summons on the individual named therein with a copy of the complaint, which Arledge also failed to do. *See* Fed. R. Civ. P. 4(c)(1), 4(e)(1)(2)(A)–(C). These deficiencies in process and service of process are sufficient grounds to GRANT Ada County's Motion to Dismiss under Rules 12(b)(4)–(5).

### 2. *Rule 12(b)(6) Motion*

Even if Arledge's claims met the Rule 12(b)(4) and Rule 12(b)(5) standards, they would certainly be dismissed under Rule 12(b)(6). Indeed, there are several reasons Arledge has failed to state a cognizable claim in this case.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007).

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to

relief that is plausible on its face." *Id.* at 570.

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

In their Motion to Dismiss, Ada County has listed several reasons that serve as sufficient grounds for dismissal under Rule 12(b)(6). The Court will discuss each in turn.

    a.  <u>Res Judicata</u>

Ada County argues that Arledge's complaint is barred by the doctrine of res judicata, otherwise known as claim preclusion. Arledge has alleged substantially similar, if not identical, claims in this case as in two previous cases—*Arledge v. State of Idaho*, 1998 WL 121612 (9th Cir. 1998), and *Arledge v. Ada County*, 706 Fed. Appx. 908 (9th Cir. 2017). Both cases arise out of Arledge's contention that he spent 25 years in prison on charges that were allegedly dismissed prior to his sentencing in his 1989 criminal case.

The doctrine of res judicata is that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised on the action. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The

MEMORANDUM DECISION AND ORDER - 8

Ninth Circuit has held that "[r]es judicata is applicable whenever there is 1) an identity of claims, 2) a final judgment on the merits, and 3) privity between parties." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (internal quotation marks omitted).

The first issue is identity of claims. "Identity of claims exists when two suits arise from 'the same transactional nucleus of facts." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (cleaned up). Even "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id*. The present case has identity of claims with the prior suits litigated by Arledge. All three cases arise from his contention that his 25-year sentence was wrongful. Indeed, the most recent case prior to this was also a § 1983 claim. *Arledge v. Ada County*, 706 Fed. Appx. 908 (9th Cir. 2017). Arledge has not met his burden of showing that the instant case is different in any meaningful way from the two prior federal cases because he made no attempt to plead so. He merely has added additional defendants. Thus, there is an identity of claims.

The second issue is whether there was a final judgment on the merits in the previous cases. The first case had a final judgment on the merits because the Ninth Circuit affirmed the district court's decision to deny Arledge's § 2254 petition. *Arledge v. State of Idaho*, 1998 WL 121612 (9th Cir. 1998). The Circuit also held that Arledge's contention that he was (at that time) being improperly detained "lack[ed] merit." *Id*. Arledge's second case also was judged on the merits, as the Ninth Circuit affirmed that his § 1983 action was *Heck*-barred "because success on his claims would necessarily imply the invalidity of his

sentence, and Arledge failed to show that his sentence had been invalidated." *Arledge v. Ada County*, 706 Fed. Appx. 908, 909 (9th Cir. 2017). The Court, therefore, finds that the second requirement for res judicata is met because both final judgments were on the merits.

Third, privity between the parties exist. Federal courts will find privity when relationships are "sufficiently close," including "a non-party whose interests were represented adequately by a party in the original suit." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). Here, some of the parties are obviously the same, such as the Ada County Public Defender's Office or the Ada County Prosecutor's Office. Privity clearly exists when the parties are the same in each case. The other parties to this lawsuit— Justice Horton, Judge Hansen, and Trimming—worked for the offices already involved in the prior cases. Certain employment relationships are suitable for privity, especially in this case, where the individuals (who were known to Arledge) could easily have been added as parties to the prior suits and whose interests clearly align with their employers in the prior cases.

Because all three requirements are met—identity of claims, a final judgment on the merits, and privity between the parties—res judicata bars Arledge's claim. The theory of Arledge's claim here is the exact same as the cases that he previously brought. Consequently, this is one reason the Court will dismiss Arledge's complaint.

b.  <u>Collateral Estoppel</u>

Ada County also argues that Arledge is barred from bringing his claims under the doctrine of collateral estoppel, or issue preclusion. "Where a federal court has decided the

MEMORANDUM DECISION AND ORDER - 10

earlier case, federal law controls the collateral estoppel analysis." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (citing *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996)). "Three factors must be considered before applying collateral estoppel: '1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgement in the earlier action.'" *Id.* (cleaned up).

Here, Arledge's two prior cases—*Arledge v. State of Idaho*, 1998 WL 121612 (9th Cir. 1998), and *Arledge v. Ada County*, 706 Fed. Appx. 908 (9th Cir. 2017)—are both federal cases. Thus, federal law, as laid out in the test from *McQuillion*, will guide the Court's analysis.

The first requirement is that the issue at stake must be identical to the one alleged in the prior litigation. The prior two cases both arose out of Arledge's contention that he spent 25 years in prison on charges that were allegedly dismissed prior to his sentencing in his 1989 case. His instant case is identical, as he is yet again alleging wrongdoing with his original sentencing in 1989. Thus, the first requirement is met.

The second requirement is that the issue must have been "actually litigated" by the party against whom preclusion is asserted in the prior litigation. This requirement is met, as the issue was litigated by Arledge in both prior cases, and he is the party against whom preclusion is asserted in this case.

The third and final requirement is that the determination of the issue in the prior

litigation must have been a critical and necessary part of the judgment in the earlier action. The determination of the issue of the validity of Arledge's imprisonment was critical and necessary, as Arledge's contention that he was wrongfully imprisoned was the heart of the prior two cases, and indeed is the main thrust of the complaint in this case.

As all three requirements are met, Arledge's claims are barred by the doctrine of collateral estoppel.

    c.  <u>Statute of Limitations</u>

Ada County next asserts that the statute of limitations has run on Arledge's claim. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[I]t is well-settled that statutes of limitations are affirmative defenses, not pleading requirements." *Wyatt v. Terhune*, 315 F.3d 1108, 1117–18 (9th Cir. 2003), *overruled on other grounds*. Put differently, "Rule 8 does not require plaintiffs to plead around affirmative defenses." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019); *see also Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 n.6 (9th Cir. 2018) ("Ordinarily, affirmative defenses . . . may not be raised on a motion to dismiss except when the defense raises no disputed issues of fact."). A court may "consider an affirmative defense on a motion to dismiss when there is some obvious bar to securing relief on the face of the complaint. In other words, dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense." *U.S.*

*Commodity*, 931 F.3d at 973 (emphasis in original) (internal quotations and citations omitted).

Here, Ada County contends that Idaho's statute of limitations for civil rights claims bars Arledge's claims. As the statute of limitations is an affirmative defense, the Court may consider it only if it is obvious from the face of the complaints that the statute of limitations applies. The length of the statute of limitations for a civil rights action is governed by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985), *overruled on other grounds*. Idaho Code § 5-219 provides a two-year statute of limitations for civil rights actions. *E.g. Arledge v. Idaho Com'n of Pardons and Parole*, 2006 WL 1023478 (D. Idaho 2006). Arledge's complaint lists March 29, 1989, as the day that the "events giving rise to his claim(s)" occurred. Dkt. 1, at 4. The statute of limitations for his claim would thus expire two years later, on March 29, 1991. This means that his statute of limitations expired roughly thirty years ago. Consequently, the statute of limitations bars Arledge's claims.

  d. *Heck v. Humphrey* Preclusion

Arledge is also barred from bringing a § 1983 claim because his previous conviction that he alleges was wrongfully committed is still valid. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a

MEMORANDUM DECISION AND ORDER - 13

§ 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Here, Arledge has not alleged that his conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal writ of habeas corpus. That the *Heck* standard consequently bars his § 1983 claim should come as no great surprise to Arledge, as this was explained to him in 2016 by Magistrate Judge Ronald E. Bush. *Arledge v. Ada County*, 2016 WL 10648443, at *2 (D. Idaho 2016). Arledge has not alleged any change in his conviction since then, and since bringing a § 1983 claim would still "necessarily undermine the validity of [the] conviction or the duration of a sentence," his claim, by necessity, is barred. *Id.* at *3.

e. Prosecutorial Immunity

Arledge's claims against Justice Joel Horton also fail because he has absolute immunity for his actions as a prosecutor. The Supreme Court has held that a "state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" is not "amendable to suit under 42 U.S.C. § 1983 for alleged deprivations of the defendant's constitutional rights." *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). The Ninth Circuit has also clearly stated that county prosecutors are absolutely immune from liability for their actions as prosecutors. *McAuley v. Hastings*, 17 Fed. Appx. 660, 661 (9th Cir. 2001). Justice Horton was employed by the Ada County Prosecutor's

Office at the time the allegations arose, and Arledge makes no claim that Justice Horton was not a prosecutor. Therefore, Arledge's claims against Justice Horton are dismissed because he has absolute immunity.

    f.  <u>Ada County Prosecutor's Office is Not Subject to Liability</u>

Arledge's claims against the Ada County Prosecutor's Office fail because 1) there is no respondeat superior liability for § 1983 claims, and 2) Arledge has not sufficiently alleged a *Monell* claim.

First, Arledge's claim against the Ada County Prosecutor's Office fails because it cannot be held liable under a theory of respondeat superior. The Supreme Court has held that government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Notably, local governments also cannot be sued under a theory of respondeat superior in the § 1983 context for "an injury inflicted solely by its employees or agents." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). As a local government body, therefore, the Ada County Prosecutor's Office cannot be held liable for the alleged unconstitutional conduct of its former prosecutor Justice Horton under a theory of respondeat superior.

Second, Arledge's claim against the Ada County Prosecutor's Office fails because Arledge has not alleged all the necessary elements of a *Monell* claim. Local governing bodies *can* be sued for relief under a § 1983 claim only where an "action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at

MEMORANDUM DECISION AND ORDER - 15

690–91. This includes governmental "customs." *Id.* The Ninth Circuit has held that "[t]o establish liability, a plaintiff must establish that he was deprived of a constitutional right and that the [governmental entity] had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation." *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008). The Ninth Circuit has also made clear that *Monell* claims "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and that "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Here, Arledge has not alleged all the elements of a *Monell* claim, let alone provided sufficient factual allegations supporting such a claim. He has not pointed to any policy, practice, or custom of the Ada County Prosecutor's Office that led to his alleged injury, or highlighted one which amounted to deliberate indifference to his constitutional rights and was the "moving force" behind the alleged violation of his constitutional rights. As such, the Ada County Prosecutor's Office is immune from liability.

g.  Public Defenders Are Not Subject to § 1983 Lawsuits

Arledge's claim against Trimming, Judge Hansen, and the Ada County Public Defender's Office fails because they cannot be subject to § 1983 lawsuits. The Supreme Court has held that because a public defender does not act "under color of state law" in performing a lawyer's traditional functions as counsel to an indigent defendant in a state

criminal proceeding, he or she may not be sued under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Notably, this protection also extends to public defender's offices, not just the individuals working in them. *See Hernandez v. Office of Public Advocacy, State of Alaska; et al., and Shelley Kay Chaffin*, 827 Fed. Appx. 800, 801 (9th Cir. 2020). Alan Trimming, Judge Hansen, and the Ada County Public Defender's Office all are public defenders or the attendant office itself. As such, they cannot be sued in a § 1983 action and the claim against them is dismissed.

3. *Dismissal with Prejudice*

The Court will dismiss Arledge's claims with prejudice against Ada County. The Court understands that dismissal with prejudice is a harsh remedy, and it does not take this step lightly. It also understands that, ordinarily, dismissing a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

Here, there are no less drastic alternatives because Arledge cannot litigate these § 1983 claims again under the principles of res judicata, collateral estoppel, prosecutorial immunity, and public defenders' immunity from § 1983. This is not to mention other issues that will likely forever bar Arledge from bringing his claim, such as his inability to prove a *Monell* claim and the *Heck*-preclusion. Arledge has had his day in court. In fact, he has had several days in court, all of them fruitless. This is not because of procedural issues but rather because the facts do not support his version of the facts. At a certain point, the proper course of action is dismissal with prejudice. The "harshness of a dismissal with prejudice is directly proportionate to the likelihood that plaintiff would prevail if permitted to go

MEMORANDUM DECISION AND ORDER - 17

forward to trial." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (quoting *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1053 n.4 (9th Cir. 1971)). The likelihood of Arledge prevailing on his claims at trial at this point is zero because he has not won any of his prior cases and he has not alleged anything new in the instant case. Therefore, Arledge's claims against Ada County are DISMISSED WITH PREJUDICE.

### B.  Boise City Attorney Motion to Dismiss

BCA filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. It also filed, in the alternative, a Motion for More Definite Statement.[2] As discussed above, Rule 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

BCA claims that dismissal is appropriate here because, even when viewed in the light most favorable to the non-moving party, Arledge can prove no set of facts within the framework of the complaint that would entitle him to relief. *Conaly v. Gibson*, 355 U.S.

---

[2] Because the Court is ruling on the Motion to Dismiss but is granting Arledge leave to amend his complaint, the alternative Motion for More Definite Statement is moot.

41, 45-8 (1957). The Court agrees.

The BCA was not involved in the criminal cases cited by Arledge—M8901808, M8902234, and HCR16006. Dkt. 1, at 4. In each of those criminal cases, the prosecutor was the Ada County Prosecutor's Office and Arledge was represented by the Ada County Public Defender's Office. Arledge makes no factual allegations in any of his five filings—a Complaint, an Amended Complaint, a Memorandum Opposing BCA's Motion, a stricken Second Amended Complaint and a stricken Motion in Opposition to Defendant's Motion to Dismiss—that indicate BCA's role with the trials at issue. In fact, none of his filings so much as mention BCA besides naming it as a defendant. As such, Arledge has not alleged a set of facts that would entitle him to relief or puts BCA on notice of the claims against it. Accordingly, the Court grants BCA's Motion to Dismiss. The Court also grants leave for Arledge to file another complaint with more specific allegations regarding BCA's role in the above-mentioned criminal cases. Arledge must submit this amended complaint within thirty (30) days of this Order. Failure to do so will result in the dismissal of this case with prejudice, without further notice.[3]

## IV. ORDER

The Court HEREBY ORDERS:

1. Ada County's Motion to Dismiss (Dkt. 9) is GRANTED. Arledge's Amended Complaint is DISMISSED WITH PREJUDICE and WITHOUT Leave to Amend as to Defendants Ada County Public Defender's Office, Ada County

---

[3] Arledge is reminded that his Amended Complaint—should he elect to file one—is limited to defendant BCA and *cannot* contain allegations against any of the dismissed Defendants.

Prosecutor's Office, former Ada County Public Defenders Alan Trimming and Judge Tim Hansen, and former Ada County Deputy Prosecuting Attorney Justice Joel Horton.

2. BCA's Motion to Dismiss (Dkt. 10) is GRANTED.

3. The Court GRANTS Arledge leave to file an amended complaint against BCA. Arledge may submit an amended complaint within thirty (30) days of the date of this Order. Failure to do so will result in the dismissal of this case WITH PREJUDICE and without further notice.

4. Ada County's Objection to Second Amended Complaint and Motion in Opposition to Defendant's Motion to Dismiss (Dkt. 23) is SUSTAINED. Arledge's Second Amended Complaint (Dkt. 19) and Motion (Dkt. 20) are STRICKEN.

DATED: September 28, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 20