UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS RAY ARLEDGE,<br><br>    Plaintiff,<br><br>v.<br><br>BOISE CITY ATTORNEY et al.,<br><br>    Defendants. | Case No. 1:20-cv-00466-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are two motions to dismiss: first, Defendant Ada County Municipal Corporation's ("Ada County") Objection, Motion to Strike Certain Contents, and Dismiss Mr. Arledge's Second Amended Complaint (Dkt. 26); and second, Defendants Boise City Attorney ("BCA") and the City of Boise Municipal Corporation's ("City of Boise") Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 27).[1] The Court also has before it a Motion for Default Judgment filed by Plaintiff Douglas Ray Arledge.[2] Dkt. 32.

---

[1] Arledge has two filings labeled "Second Amended Complaint." The first "Second Amended Complaint" was stricken by the Court as improper. Dkt. 24, at 5. As such, Arledge is actually on his *Third* Amended Complaint. To avoid confusion with other docket orders, the Court will refer to the complaint at issue as the Third Amended Complaint.

[2] Arledge also asked that the Court sanction the Ada County Defendants, or at least the Ada County Prosecutor's Office, for "violating a court order and sending opposing counsel legal documents" and for filing documents with the Court. Dkt. 29, at 2–3. Arledge appears to think that dismissing the Ada County Defendants with prejudice precludes them from filing documents with the Court or sending unnamed documents to other parties. Arledge's conclusion is erroneous, and his objection is OVERRULED.

MEMORANDUM DECISION AND ORDER - 1

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the matter without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS Ada County's Motion to Dismiss (Dkt. 26), GRANTS BCA and the City of Boise's Motion to Dismiss (Dkt. 27), DENIES Arledge's Motion for Default Judgment (Dkt. 32), DISMISSES Arledge's Third Amended Complaint (Dkt. 25), and DISMISSES Arledge's claims against any and all Defendants WITH PREJUDICE.

## II. BACKGROUND

As the parties are already familiar with the pertinent facts in this case, the Court will not delve into great depth regarding Arledge's claim that he was wrongfully imprisoned. It is worth noting again, however, that Arledge has brought these claims, or variations of them, four separate times. Arledge's convictions and sentence were upheld by the Idaho Court of Appeals. *See State v. Arledge*, 808 P.2d 1329 (Idaho Ct. App. 1991). Arledge later filed a habeas corpus petition in the United States District Court of Idaho, which was denied, and subsequently appealed it to the Ninth Circuit Court of Appeals. *See Arledge v. State of Idaho*, 1998 WL 121612 (9th Cir. 1998). Arledge's claim was found to lack merit at both levels. Then, in 2015, Arledge filed a § 1983 claim against Ada County, the Ada County Prosecutor's Office, and the Ada County Public Defender's Office. Arledge filed this 2015 petition in the United States District Court of Idaho and subsequently appealed

to the Ninth Circuit Court of Appeals. *See Arledge v. Ada County*, 706 Fed. Appx. 908 (9th Cir. 2017). Arledge again lost at both levels. As the laundry list of cases above illustrates, multiple courts have already considered, and rejected, Arledge's claims that he was wrongfully imprisoned.

In the Court's previous order, it dismissed Arledge's claims with prejudice against Defendants Ada County Public Defender's Office, Ada County Prosecutor's Office, former Ada County Public Defenders Alan Trimming and Judge Tim Hansen, and former Ada County Deputy Prosecuting Attorney Justice Joel Horton. Dkt. 24, at 19–20. The Court dismissed these claims on the grounds of insufficient process, insufficient service of process, res judicata, collateral estoppel, the statute of limitations, *Heck* preclusion, prosecutorial immunity, inability to use respondeat superior liability for § 1983 claims, failure to adequately allege a *Monell* claim, and public defenders' immunity from § 1983 lawsuits. *Id*. at 6–17. The Court did grant Arledge leave to file an amended complaint against BCA to allow him to include "more specific allegations regarding BCA's role in the above-mentioned criminal cases." *Id*. at 20. However, the Court warned Arledge that "that his Amended Complaint—should he elect to file one—is limited to defendant BCA and cannot contain allegations against any of the dismissed Defendants." *Id*. at 19.

Arledge subsequently filed his Third Amended Complaint. Dkt. 25. While he renewed his claims against BCA, he also added the City of Boise and Ada County as defendants in the instant case. In his Third Amended Complaint, Arledge admits that the BCA "was not personally involved in the criminal cases cited in the courts order . . . the BCA, however, represents the municipal corporation of Ada County and the City of Boise."

MEMORANDUM DECISION AND ORDER - 3

*Id*. at 1–2.

Every exhibit that Arledge filed in his Third Amended Complaint had already been filed in his Second Amended Complaint.[3] In the Third Amended Complaint, Arledge has changed his cause of action from his prior Due Process claims to a breach of contract claim, although he also asserts that Idaho Criminal Rule 48(A)(1)(2)(b)(1)[4] and the Double Jeopardy Clause were violated. He also asserted that "there is no statute of limitations for a 42 U.S.C. § 1983 claim," even though that claim was not alleged in his Third Amended Complaint. Dkt. 29, at 2.

Arledge claims that there was a breach of contract, and that the current Defendants (BCA, the City of Boise, and Ada County) are responsible for the actions or inactions of the already dismissed parties, which led to his unjust incarceration. *Id*. at 3. Arledge also alleged that "the attorney" (presumably BCA) was served in compliance with Rule 5(b)(1) of the Federal Rules of Civil Procedure and "that in accordance to: 50-208A(a) the duties of the city attorney is to inform his clients that a lawsuit has been initiated against them." *Id*. at 2. Ada County (Dkt. 26), as well as the City of Boise and the BCA (Dkt. 27), filed motions to dismiss, which Arledge opposes.

### III. DISCUSSION

With a variety of motions and an objection to rule on, the Court will analyze the

---

[3] Although the Second Amended Complaint was stricken as untimely, the Court did point out that even if it were allowed, "it would not change the outcome of the case because neither filing adds anything material to the instant dispute." Dkt. 24, at 5.

[4] This citation does not exist, so the Court will construe Arledge's claim as referring to the entirety of Idaho Criminal Rule 48.

MEMORANDUM DECISION AND ORDER - 4

issues in separate sections and include the corresponding legal standards in the appropriate section. Because Arledge is *pro se*, the Court's review of this matter is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991).

### A. Ada County's Motion to Dismiss (Dkt. 26)

Ada County filed its Motion to Dismiss based on Rule 12(b)(1), (4), (5), (6) and 12(f) of the Federal Rules of Civil Procedure. As part of its motion, Ada County moved "for dismissal based upon the same arguments and theories forwarded in Ada County Defendants' previous Motion to Dismiss (Dkt. 9)," which arguments and theories the Court had approved of when it granted Ada County Defendants' Motion to Dismiss (Dkt. 24).[5]

Ada County correctly points out that the Court had warned Arledge "that his Amended Complaint—should he elect to file one—is *limited to* defendant BCA and *cannot* contain allegations against any of the dismissed Defendants." Dkt. 24, at 19 (emphases added). The dismissed defendants included Ada County Public Defender's Office, Ada County Prosecutor's Office, former Ada County Public Defenders Alan Trimming and Judge Tim Hansen, and former Ada County Deputy Prosecuting Attorney Justice Joel Horton. Although Ada County was not a defendant when the Court issued that ruling, the Court made it clear that Arledge's Amended Complaint could contain allegations *only* relating to BCA. Ada County is so directly tied to all the previously defendants that Arledge is, in effect, flouting the Court's order to not bring his arguments against any of the Ada

---

[5] The Court did a much more substantive review of those arguments in its previous order (Dkt. 24), and there is no need to repeat the ruling here.

County Defendants. Although Arledge may have misunderstood the effect of adding Ada County as a defendant, there is no mistaking the fact that the Court specifically stated that his amended complaint was limited to BCA.

As Arledge has failed to amend his complaint in a manner consistent with the Court's prior instructions,[6] Ada County's Motion to Dismiss is GRANTED, and Arledge's claims are DISMISSED against Ada County.

### B. The City of Boise and BCA's Motion to Dismiss (Dkt. 27)

Boise City and BCA filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 555 (2007). The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

The City of Boise and BCA argue that dismissal is appropriate here because, even when viewed in the light most favorable to the non-moving party, Arledge can prove no

---

[6] Even if Arledge had properly amended his complaint, it is clear that Arledge has not proffered facts that would grant this Court jurisdiction over a breach of contract claim, which would lead to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Additionally, many of the same reasons that Arledge's First Amended Complaint was dismissed apply here, such as Arledge's failure to serve Ada County and the expiration of the statute of limitations.

set of facts within the framework of the complaint that would entitle him to relief. *See Conaly v. Gibson*, 355 U.S. 41, 45–48 (1957). The Court agrees.

The City of Boise and BCA had no involvement in the criminal cases cited by Arledge in his various complaints. In each of these criminal cases, as has already been established, the prosecutor was the Ada County Prosecutor's Office, and Arledge was represented by the Ada County Public Defender's Office. Arledge even acknowledges that BCA "was not personally involved in the criminal cases" but that BCA somehow incurs liability because it represents Ada County and the City of Boise.[7] Dkt. 25, at 2. As such, Arledge has not used his chance to properly allege facts against BCA and admits that there are none. Arledge also provides no facts that tie the City of Boise to the criminal cases that are the focus of his grievances. What's more, as previously explained, the Court had only allowed Arledge to bring his next amended complaint against BCA, not against other entities. Therefore, the Court GRANTS the Motion to Dismiss (Dkt. 27) and DISMISSES the claims against BCA and the City of Boise.

C. **Arledge's Motion for Default Judgment (Dkt. 32)**

Arledge filed a Motion for Default Judgment against Defendants.[8] Arledge claims that because BCA did not file a reply to his Response to its original Motion to Dismiss (Dkt. 27), he is somehow entitled to a default judgment under Rule 55 of the Federal Rules of Civil Procedure. Such a claim is erroneous. Filing a reply brief in support of a motion is

---

[7] Arledge has provided no case law or statute to support this transfer of liability.

[8] Arledge lists this Motion as against all Defendants, but his reason for doing so is based on BCA's actions, not Ada County.

MEMORANDUM DECISION AND ORDER - 7

optional. *See* Dist. Idaho Loc. Civ. R. 7.1 (b)(3). It is not a failure to defend. Consequently, there is no basis for a default judgment in Arledge's favor. Arledge's Motion for Default Judgment is therefore DENIED.

## IV. CONCLUSION

This case has become quite the hodgepodge of legal issues, standards, and defendants. Arledge has thrown the legal equivalent of spaghetti against not a wall but a crowd, hoping something will stick against someone. The Court has given Arledge plenty of opportunities to amend, and no amendment has saved his complaint. The "harshness of a dismissal with prejudice is directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (quoting *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1053 n.4 (9th Cir. 1971)). Because Arledge has not prevailed in any of his prior cases on his theory of wrongful imprisonment, the likelihood of Arledge prevailing on his claims at trial in this case is zero, especially considering that he has not alleged anything new in the instant case. Arledge has filed three amended complaints, and future amendments would be fruitless. Arledge's claims are therefore DISMISSED WITH PREJUDICE.

## IV. ORDER

The Court HEREBY ORDERS:

1. Ada County's Motion to Dismiss (Dkt. 26) is GRANTED, and Arledge's claims are DISMISSED WITH PREJUDICE against Ada County.

2. BCA's Motion to Dismiss (Dkt. 27) is GRANTED, and Arledge's claims are DISMISSED WITH PREJUDICE against BCA and the City of Boise.

3. Arledge's Motion for Default Judgement (Dkt. 32) is DENIED.

4. The Court DISMISSES Arledge's case WITH PREJUDICE.

5. A Judgment shall be entered concurrently herewith.

DATED: February 18, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9