UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS RAY ARLEDGE,<br><br>　　　　Plaintiff,<br>v.<br><br>BOISE CITY ATTORNEY et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00466-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Douglas Ray Arledge's Motion for Reconsideration. Dkt. 36. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On October 5, 2020, Arledge filed a complaint against the Boise City Attorney and other various governmental entities and individuals who were associated with his criminal conviction in 1989. Since then, Arledge has filed four different cases claiming he was unlawfully imprisoned. *See* Dkt. 34, at 2–3. As with the three prior cases, the Court considered Arledge's claims and ultimately dismissed them with prejudice. Dkt. 34. Arledge, however, brought the instant Motion for Reconsideration, asking that the Court

*yet again* examine his case.

## III. LEGAL STANDARD

[N]either the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider." *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014). Nevertheless, the Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Id.* (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). Granting a motion to reconsider is not common. A party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application. *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

In general, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted) "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) "Whether or not to grant reconsideration is committed to the sound discretion of the court."

*Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc.*, 229 F.3d at 883).

Arledge did cite to Rule 60 of the Federal Rules of Civil Procedure in the instant motion. The difference between a motion brought under Federal Rule of Civil Procedure 59(e) and one brought pursuant to Rule 60(b) is one largely of timing rather than substance.¹ *Am. Ironworks & Erectors*, 248 F.3d at 898–99. Rule 60(b) provides for reconsideration upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) other "extraordinary circumstances" which would justify relief. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Rule 60(b)).

Regardless, no matter the circumstances, and whether brought pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc.*, 229 F.3d at 890.

### IV. DISCUSSION

Although Arledge clearly disagrees with the Court's ruling, Arledge has not contended that the Court committed clear error, that there was manifest injustice, or that

---

¹ A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Federal Rule of Civil Procedure 6(b) expressly prohibits any expansion of this period. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act" under Rule 59(e)). A Rule 60(b) motion must be made within a "reasonable time" and, for motions under Rule 60(b)(1)–(3), by "no more than a year after entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1). Arledge filed the instant motion ten days after judgment was entered, so it is appropriate to consider his motion under Rule 59(e).

there had been an intervening change of controlling law. Arledge also has not focused on any of the factors specific to Rule 60(b). Rather, Arledge has submitted evidence that he claims is basis for the Court to change its prior decision.

### A. Newly Discovered Evidence

Arledge claims "evidence has been discovered that has not been disputed by the Defendants" and hints that his ability to gather evidence of his allegedly illegal incarceration was stymied by his lack of access to the outside world while in jail. Dkt. 36, at 2. The exhibits are as follows: Exhibit A, Court Minutes of Judge Alan Smith, dated March 29, 1989; Exhibit B, Memo for the Record, dated March 29, 1989; Exhibit C, Letter from Sandra Barrios, Trial Court Administrator; Exhibit D, Letter from Steve Walker, State Archivist, and Roxanna Dempsay, Transcript Coordinator; Exhibit E, Letter from Steve Walker, State Archivist; Exhibit F, Letter to Honorable Darla Williamson, Administrative District Judge, and John Traylor, Trial Court Administrator; Exhibit G, Ada County Booking Sheet showing that Arledge was not released on March 29, 1989; and Exhibit H, Final Discharge of Plaintiff. *Id*. at 3.

Notably, Arledge does not explain why the exhibits are important, or identify what such exhibits will prove. Instead, Arledge simply attaches his exhibits, cryptically contends that releasing the tapes will create a "big mess to clean up," and assumes that the Court will make his argument for him. *Id*. at 3.

It is well established in the Ninth Circuit "that a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016)

(cleaned up). Here, all of the exhibits could have reasonably been raised earlier in litigation, or already were.

Indeed, much of Arledge's evidence has already been presented to the undersigned, or to other judges within the District of Idaho. A close look at Exhibit A, "Court Minutes" (Dkt. 36, at 6) shows that the document was filed in Arledge's 2015 lawsuit before Judge Edward J. Lodge. *See Arledge v. Ada County et al.*, 1:15-cv-00590-EJL. Dkt. 2-1, at 15.[2] Exhibit A was also filed in the instant case. Dkt. 19, at 11. As Defendants point out, Exhibit B, "Memo for the Record" (Dkt. 36, at 7) was already placed in the record in this case. *See* Dkt. 12-2, at 1. The same goes for Exhibit G, "Ada County Booking Sheet" (Dkt. 36, at 13). *See* Dkt. 12-2, p. 4.

As for exhibits that have not been previously presented to the Court, Exhibit C was received by Arledge in October of 2020, shortly after he filed the instant complaint. It appears that Exhibits D, E, and F were attached by Sandra Barrios to Exhibit C. Because Arledge was in possession of these exhibits as of October 2020, they cannot constitute newly discovered evidence. However, even if they could, these exhibits do not change the Court's ruling. Arledge has not made the slightest effort to explain what is in the tapes or why the tapes validate his position. As such, the Court will not assume that they would have a material effect on the outcome of the case. Indeed, because Arledge has brought variations of this case *four separate times*, it is extremely unlikely that the tapes will change the Court's holding.

---

[2] The document has the 2015 filing number on the top of the page.

MEMORANDUM DECISION AND ORDER - 5

Similarly, Arledge has had Exhibit H in his possession for quite some time, presumably since his release from custody in 2014. As such, this also cannot constitute newly discovered evidence. Even if it could, it does not change the Court's ruling because the fact that Arledge was released from jail has no bearing on the Court's determination that Arledge's claims are without merit.

Moreover, by Arledge's own admission, he has been released since March 2014. Dkt. 36, at 14. He has had *eight years* to present this evidence to a court, and multiple court cases to do so. Thus, his claim that he has lacked access to the materials in the "outside world" rings hollow. Dkt. 36. Arledge has also provided no evidence, or even the flimsiest of allegations, to tie the recently dismissed defendants (Boise City Attorney, the City of Boise, and Ada County) to the exhibits.

Accordingly, the Court holds that Arledge has not shown that reconsideration is appropriate. Even if the Court construed Arledge's conclusory statements liberally, he still has not come close to meeting his burden.

B. Conclusion

In sum, Arledge has not shown any newly discovered evidence that would have had a material effect on the outcome of the Court's prior decision, nor any other basis for reconsideration. As such, his Motion to Reconsider is **DENIED**.

One of the driving forces for a court's reluctance to grant motions for reconsideration is the need for the efficient use of judicial resources to prevent the court from using its limited time and finite resources on relitigating issues over and over again.

Arledge has been fighting the same fight for several decades now in various cases. If there were any truth to his claims, it would have been found. It is time for Arledge to move on.

## V. ORDER

The Court HEREBY ORDERS:

1. Arledge's Motion for Reconsideration (Dkt. 36) is DENIED.

DATED: May 5, 2022

_____
David C. Nye
Chief U.S. District Court Judge